```
             IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF MONTANA

                        HELENA DIVISION

MITCHELL LEE WALCK,                )    CV 04-55-H-DWM
                                   )
          Plaintiff,               )
                                   )
    vs.                            )    ORDER
                                   )
POWELL COUNTY COMMISSIONERS THOMAS )
HATCH, DWIGHT O'HARA, GAIL JONES;  )
et al.,                            )
                                   )
                                   )
          Defendants.              )
_____)
```

United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation in this matter on July 26, 2006. Walck timely objected and is therefore entitled to de novo review of the record. 28 U.S.C. § 636(b)(1) (2000).

Walck filed this action on November 1, 2004, alleging violations of his civil rights under 42 U.S.C. § 1983. He is a state prisoner proceeding pro se. The Parties are familiar with the procedural history and the facts before the Court so I will not recount them.

I.  **Walck's Motion to Amend**

As Judge Ostby recommended, the motion to amend (dkt #41) is

-1-

denied.  The Court does not allow amendment to the pleadings where the content of the proposed amendment is already contained within the complaint.  Walck's efforts reflect his lack of knowledge of the rules of procedure and the difficulties facing a pro se party.  Despite the Court's tendency to give such parties the benefit of the doubt, that is not warranted here.

## II. Scott's Motion to Dismiss

The motion to dismiss (dkt #16) by Defendant Scott is granted because Walck did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).  The Ninth Circuit has extensively addressed this issue and has held that parties must exhaust their administrative remedies before filing suit.  *See McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) (per curiam).  The issue here is Scott's role concerning Walck's Celebrex prescription.  The facts show Walck pursued grievances at the Montana State Prison regarding other issues but not Scott's role as alleged by Walck.  Accordingly, Scott's motion to dismiss is meritorious.

## III. The Motion to Dismiss Defendants Wood and Mahoney

While Walck's allegations against Wood and Mahoney are not well-stated, they do assert a claim upon which relief may be granted and so the motion to dismiss is not warranted.  If Walck's allegations that Wood and Mahoney directed the illegal entry of law enforcement officers onto private property are true then there is a chance Wood and Mahoney violated Walck's Fourth

Amendment rights.

**IV.  The County Defendants' Motion to Dismiss**

Walck has not alleged a viable act by Powell County Commissioners Hatch, O'Hara, and Jones in his pleadings that is connected to his claims.  His sole allegation is their alleged hiring of an unidentified perpetrator who participated in his arrest–this does not survive scrutiny.  There is no factual basis for Walck's action against these Defendants.  Walck objected to Judge Ostby's recommendation but he still failed to adequately assert facts or a legal basis that would tie them to his claims in his pleadings.  Hatch, O'Hara, and Jones are dismissed.

The claims against Defendants Bender, Howard, and George for their role in Walck's injuries sustained in two handcuffing incidents are not dismissed.  Based on a liberal construal of the pleadings, Walck has set forth claims concerning the two handcuffing incidents that might give rise to legitimate charges of deliberate indifference on the part of Defendants.

The claims against Howard for the shooting, a failure to prosecute, and for a verbal threat are not dismissed.  Based upon a liberal construal, there is a possibility that Howard may have violated Walck's rights through these incidents.

Defendants Dunkerson, Gray, and others are not dismissed for allegedly acting outside of their departmental jurisdiction because it is conceivable that if Walck's claims are true they violated his civil rights.

Walck's first, third, and fourth requests for relief are

denied because they are untenable. Walck is not entitled to obtain title or leasehold interest in State property as a result of this action and he cannot obtain an interest in the ranch where the arrest occurred. And because the claim against Scott is dismissed the Court cannot order an x-ray or the prescription of a course of Celebrex.

## V.   Conclusion

Accordingly based on the foregoing, IT IS HEREBY ORDERED that Judge Ostby's Findings and Recommendation (dkt #52) are adopted in full:

Walck's motion to amend (dkt #41) is DENIED;

Scott's motion to dismiss (dkt #16) is GRANTED;

County Defendants' motion to dismiss (dkt #14) is GRANTED IN PART. County Commissioners Hatch, O'Hara, and Jones are DISMISSED and the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1983 over any state law claim made by Walck against them. Walck's first, third, and fourth requests for relief are DENIED. All other aspects of County Defendants motion to dismiss are DENIED.

This case is referred to Judge Ostby for further proceedings in accordance with this Order.

DATED this 21st day of August, 2006.

/s/ Donald W. Molloy
Donald W. Molloy, Chief Judge
United States District Court