IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

|  |  |
|---|---|
| MITCHELL LEE WALCK, ) | Cause No. CV 04-55-H-DWM-CSO |
| ) |  |
| Plaintiff, ) |  |
| ) | ORDER and |
| vs. ) | FINDINGS AND RECOMMENDATION |
| ) | OF U.S. MAGISTRATE JUDGE |
| GRANITE DEPUTY SCOTT DUNKERSON; ) |  |
| MAJOR THOMAS WOOD, MSP; WARDEN MIKE) |  |
| MAHONEY, MSP; DEPUTY GARY BENDER, ) |  |
| POWELL CO.; SHERIFF SCOTT HOWARD, ) |  |
| POWELL CO.; CAPT. PAT GEORGE, ) |  |
| POWELL CO.; CAPT. ROBERT GEACH, ) |  |
| MSP; CO. SCOTT CLARK, MSP; CO. ) |  |
| JOSHUA MOORE, MSP; CO. BRUCE MILLER) |  |
| MSP; UNDERSHERIFF MIKE GRAY, ) |  |
| DEER LODGE; and CARL BECKWITH, ) |  |
| ) |  |
| Defendants. ) |  |
| _____) |  |

On November 1, 2004, Plaintiff Mitchell Walck filed this action under 42 U.S.C. § 1983, alleging violations of his civil rights. Walck is a state prisoner proceeding *pro se.*

On October 3, 2006, Walck moved to amend his Complaint[1] to

---

[1] The allegations of Walck's Complaint (Court's doc. 2), as supplemented in response to the Court's Order of April 8, 2005, see Supp. (Court's doc. 6), are set forth in the Findings and Recommendation of July 26, 2006 (Court's doc. 52), at 3-8, and in the pleadings themselves. The term "Complaint," as used in this Findings and Recommendation, refers to the Complaint and the

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

allege additional causes of action and to name additional defendants. Counsel for Defendants Dunkerson, Bender, Howard, George, and Gray ("the MSP Defendants") objected on October 18, 2006. Counsel for Defendants Howard, Patrick, Gray, Dunkerson, and Bender objected on October 19, 2006. Walck filed a reply to each response on November 1, 2006.

The Court will liberally construe defense counsels' "objections" as responses to Walck's motion to amend. See D. Mont. L.R. 7.1(d), (g).

## I. Walck's Reply to the County Defendants

Walck's reply to the County Defendants' response to his motion is fourteen pages long.

Walck received a copy of D. Mont. L.R. 7 with his service copy of the Scheduling Order of July 26, 2006 (Court's doc. 53). D. Mont. L.R. 7.1(f) provides:

> A reply to the response brief, not to exceed ten (10) pages, may be served and filed by the moving party within eleven (11) days after service of the opposition's statement. Reply briefs may not exceed ten (10) pages unless the filing party has obtained prior leave of Court. If filed without leave, such briefs will not be considered by the Court.

Because of noncompliance with the Local Rule, Walck's reply to the County Defendants will be stricken and will not be considered by the Court. All parties, including *pro se* parties, are required

---

Supplement, construed together.

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

to comply with the local rules.  L.R. 83.15(a).

**II. Walck's Motion to Amend**

Fed. R. Civ. P. 15(a) provides that "leave [to amend] shall be freely given when justice so requires."  Courts "determine[] the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility."  Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999).  The court may also consider whether the moving party has previously amended its pleadings.  See Western Shoshone Nat'l Council v. Molini, 951 F.2d 200, 204 (9th Cir. 1991).  Inferences are to be drawn in favor of amendment.  Griggs, 170 F.3d at 880.

### A. 42 U.S.C. §§ 1983, 1985 and 1986

Walck's proposed amended complaint states that it is grounded in 42 U.S.C. §§ 1983, 1985, and 1986.  Walck states that he intends to allege a "chain conspiracy" against the defendants.  For the following reasons, a conspiracy claim is largely inapposite in this case.

### 1. § 1985

Subsection (1) of § 1985 is addressed to persons who prevent federal public officials or officers from doing their jobs.  See Kush v. Rutledge, 460 U.S. 719, 724 (1984).  Subsection (2) relates to intimidation of jurors, parties, or witnesses in judicial proceedings.  Id.  Neither of those subsections applies here,

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

because Walck is complaining about actions that took place between him and officers of two counties and the Montana State Prison, not actions involving federal officials or acts that occurred in a court.[2]  Consequently, his claim must be addressed under § 1985(3).

A claim cannot be made under § 1985(3) unless the plaintiff can allege a deprivation "of the equal protection of the laws, or of equal privileges and immunities under the laws."  42 U.S.C. § 1985(3).  "The language requiring intent to deprive of equal protection[3] ... means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).  Under Ninth Circuit law, the scope of § 1985(3) will be extended beyond race-based discrimination "only when the class in question can show that there has been a governmental determination" – i.e., a determination by either Congress or the courts – "that its members require and warrant special federal assistance in protecting their civil rights."  Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (internal quotation marks omitted).

---

[2]  To the extent the proposed amended pleading could be construed to allude to a court proceeding, that matter is addressed in Part II.B, n.5, below.

[3]  The "equal privileges and immunities" clause, like the Privileges and Immunities Clause of the Fourteenth Amendment, refers to those privileges and immunities that citizens have as a result of their being citizens of the United States, wholly apart from the incorporation of many provisions of the Bill of Rights on the States.  See Slaughter-House Cases, 83 U.S. 36, 79-80 (1872).

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

Here, Walck has not shown that he is a member of a protected class. Instead, he asserts that "no such limitation exists under law or precedent to such narrow interpretation." Pl.'s Reply (Court's doc. 65) at 5. He also claims that he is a "class of one" because he was treated arbitrarily and capriciously. These assertions are directly contradicted by Ninth Circuit law. Walck's allegations under § 1985(3) are not legally supportable and his proposal to add them should be denied as futile.

### 2. § 1986

Section 1986 applies "against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994); 42 U.S.C. § 1986. Since Walck cannot state a claim under § 1985, no further consideration need be given to § 1986.

### 3. § 1983

Section 1983 provides a remedy against persons who violate civil rights while acting under color of state law. See 42 U.S.C. § 1983. Under § 1983, a conspiracy theory can extend liability for violations of civil rights to a person who would not otherwise be acting under color of state law if the person acts in concert with someone who is acting under color of state law. That is the sole function of a conspiracy theory under § 1983: to make persons who do not act under color of state law liable as if they do. See,

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

e.g., Adickes v. Kress & Co., 398 U.S. 144, 150-52 (1970); United Steelworkers v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) ("Private parties act under color of state law if they willfully participate in joint action with state officials to deprive others of constitutional rights."); Cabrera v. Martin, 973 F.2d 735, 742 (9th Cir. 1992) (federal officials).

Where all defendants act under color of state law, a conspiracy theory serves no purpose. Under § 1983, a plaintiff cannot state a claim against an individual defendant unless the plaintiff sets forth facts demonstrating how *each* defendant *caused* or *personally participated in causing* a deprivation of plaintiff's protected rights. See, e.g., Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978); Stevenson v. Koskey, 877 F.2d 1435, 1438-39 (9th Cir. 1989). Allegations of conspiracy cannot stand in for individual liability under § 1983.

For this reason, a conspiracy theory *might* support only Walck's proposed amendments against James Oser and the Powell County Medical Clinic. If the Court assumes that Oser and the Clinic are private actors, Walck's allegations of conspiracy might serve to bring them in to the case. It is doubtful that this is required, since anyone who is responsible for providing medical care to a prisoner arguably acts under color of state law, but the Court will assume, for the sake of argument, that the conspiracy theory is pertinent with respect to those two proposed defendants.

However, the alleged conspiracy theory plays no further role in testing the propriety of amendment. See, e.g., Stone v. Agnos, 960 F.2d 893, 895-96 (9th Cir. 1992) (analyzing whether plaintiff stated a claim against any defendant without regard to conspiracy claim). The assertion of a conspiracy does not weigh in favor of or against the proposed amendments. In other words, Walck's allegation of conspiracy does not affect the analysis of his motion to amend. To the extent Walck believes that allegations of "ongoing violations" serve to link claims that accrued in 2001 to events occurring in 2003 or 2005, he is mistaken. See, e.g., Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002) (reversing where Court of Appeals "applied the continuing violations doctrine to what it termed 'serial violations,' holding that so long as one act falls within the charge filing period, discriminatory and retaliatory acts that are plausibly or sufficiently related to that act may also be considered for the purposes of liability.").

### 4. Conclusion

The motion to amend should be denied as futile with respect to any claims under 42 U.S.C. §§ 1985 and 1986. The propriety of amendment with respect to Walck's claims under § 1983 is assessed just as any other proposed amendment would be assessed. The alleged conspiracy theory neither enhances nor detracts from the proposal to amend.

**B. New Claims Against Mahoney and Wood**

Against Mahoney and Wood, Walck alleges, for the first time in this action, that Mahoney and/or Wood violated his civil rights on May 16, 2003, by prohibiting him from contacting his wife. See Proposed Am. Compl. (Court's doc. 60-2) at 13-14, ¶¶ 84-87.  He also claims that, in August or September 2005, Mahoney and Wood opened and inspected mail "clearly identifiable as being from law and legal firms" and, on October 26, 2005, delayed by six days mail that Walck intended to send out by Federal Express so that it would be available at a medical-legal panel hearing on October 25, 2005. Id. at 14, ¶¶ 88-90.  Presumably, Walck means that he attempted to send the mail out on October 20, and October 26 was the sixth day of delay.

As to these allegations, it would be peculiarly inappropriate to permit Walck to amend his pleading to assert the proposed claims.  Walck is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from proceeding in forma pauperis with any action against a governmental officer or entity unless he can show that he is "under imminent danger of serious physical injury." See, e.g., Order (Court's doc. 4) at 2, Walck v. Mahoney, No. CV 05-47-H-DWM-CSO (D. Mont. May 1, 2006) (denying forma pauperis status pursuant to 28 U.S.C. § 1915(g)); see also Compl. (Court's doc. 2), Walck, No. CV 05-47-H-DWM-CSO (D. Mont. filed Sept. 20, 2005) (alleging that prison officials regularly open his mail, including legal

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 8

documents).

The Court will not examine in detail the pleadings that Walck has seen dismissed under the three-strikes rule. It should suffice to say that he would not be allowed to proceed in a separate action with the proposed amendments. The new allegations against Mahoney and Wood are not designed to add new causes of action arising from factual allegations already made;[4] on the contrary, they are entirely new claims. To allow Walck to pursue those allegations in this action would be tantamount to ignoring Congress' declared intention of limiting the number of forma pauperis actions that a prisoner-litigant may bring. Walck's proposed amendments against Mahoney and Wood should be denied under the rationale of 28 U.S.C. § 1915(g).[5]

---

[4] The Court would not permit this sort of amendment at this late stage, either, but the point here is that these claims are based on factual allegations that have not played any role in this action to date.

[5] All of the allegations also fail to state a claim under 42 U.S.C. § 1985(2) because Walck does not and could not allege that Mahoney and Wood acted with the intent to deny him equal protection of the laws, as set forth above in Part II.A(1). See Kush, 460 U.S. at 725 ("The second part of § 1985(2) applies to conspiracies to obstruct the course of justice in state courts, and .... contains language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws."); see also Griffin, 403 U.S. at 102 (defining reference to "equal protection" to require plaintiff to show racial or other class-based invidiously discriminatory animus).
    Additionally, Walck's allegations regarding actions taken by Mahoney and Wood in May 2003 are outside the three-year statute of limitations as to any possible claim under 42 U.S.C. § 1983.

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 9

### C. Undue Delay

The Court's recommendations up to this point deal with claims under 42 U.S.C. §§ 1985 and 1986 and with Walck's claims against Mahoney and Wood, which are removed by a period of years from his allegations surrounding his arrest in the fall of 2001. The remainder of Walck's proposed amendments, all of which relate to his arrest in the fall of 2001, should be denied on the grounds that he waited too long to seek to add them.

"Undue delay" is shown if the moving party knew or should have known of the facts and theories underlying the motion to amend at the time the original pleading was filed. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388-89 (9th Cir. 1990). The Ninth Circuit has held that it is unreasonable for a plaintiff to wait for eight months after learning relevant facts to file a motion to amend. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 799 (9th Cir. 1991).

Walck asserts that he has only recently gained access to the discovery that enables him to state the claims he proposed to add. He also contends:

> Plaintiff's inability to identify such Defendants sooner lies largely upon the fault of the Defendants as a whole. Though Plaintiff is incarcerated for an assault upon Defendant Hans Schlueter, it was the false arrest by Defendants that exposed him to the risk of such a charge in the first place.... [H]ad Defendants not arrested Plaintiff or exposed him through Defendants Oser and Powell County Medical Clinic to mind-altering medications, Plaintiff would never have been in a position to allegedly assault Defendant Schlueter at all. As such, Plaintiff's lack of knowledge of all actors

>   within the conspiracy is no fault of his own and he
>   should not be penalized for his inability to identify
>   these Defendants sooner, especially when the barrier to
>   such discovery was instituted by the Defendants in this
>   case.

Pl.'s Reply at 2.

These assertions are specious. Walck was able to identify defendants as of the time he filed his Complaint on November 1, 2004. He identified no less than sixteen of them. He was able to identify violations of his civil rights. He stated a claim sufficient, after supplementation, to warrant service of the pleading. Between December 16, 2002, and September 20, 2005, he filed twelve civil actions. To ascribe the delay in his recent motion to amend to previous medical difficulties is not credible.

Moreover, Walck knew of the facts he alleges as soon as they transpired. If there were persons whose names he did not know, he could have described their actions and named them as John Doe Defendants. Plainly, at least as of July 22, 2005, he knew of the involvement of someone whose name he did not know. See Pl. Mot. for Full Name (Court's doc. 7). Yet he named that person, to the extent he was able to do so, and he did not suggest that there were other persons whom he wished to sue until he filed his motion to amend on October 3, 2006, nearly two years after he filed his Complaint and nearly *five years* after the alleged events occurred.

To the extent Walck's discovery of a new legal theory is an apposite question, his motion to amend was still unduly delayed,

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 11

because Walck knew of the existence of 42 U.S.C. § 1983 as long ago as December 16, 2002, when he filed the first of his nine civil rights actions in this Court.  See Walck v. Mahoney, No. CV 03-08-H-DWM-CSO (D. Mont. filed Dec. 16, 2002).  That was more than a year after he knew of the events surrounding his arrest.  In short, he knew all he needed to know to propose his amendments long ago.

Aside from the new allegations against Defendants Mahoney and Woods that arose in 2005, Walck could have made the remaining claims he now proposes to add at the time he filed his original Complaint in November 2004.  Consequently, the motion to amend should be denied on the grounds that it was made after undue delay on Walck's part of nearly two years.

Based on the foregoing, the Court enters the following:

**ORDER**

1.  The caption of this case is AMENDED as set forth above to reflect the dismissal of Defendants Scott, Hatch, O'Hara, and Jones by Chief United States District Judge Donald W. Molloy on August 21, 2006.

2.  Walck's reply to the County Defendants (Court's doc. 66) is STRICKEN and will not be considered by the Court.

The Court also enters the following:

**RECOMMENDATION**

Walck's motion to amend his pleadings (Court's doc. 60) should

be DENIED in its entirety.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[6] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Walck must immediately notify the Court of any change of address. Failure to do so may result in dismissal of this case without further notice.

DATED this 7th day of November, 2006.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

---

[6] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in Houston v. Lack, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 13