FILED
MISSOULA, MT

2006 DEC 4 PM 3 21

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| MITCHELL LEE WALCK, | ) | CV 04-55-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GRANITE DEPUTY SCOTT DUNKERSON; MAJOR THOMAS WOOD, MSP; WARDEN MIKE MAHONEY, MSP; DEPUTY GARY BENDER, POWELL CO.; SHERIFF SCOTT HOWARD, POWELL CO.; CAPT. PAT GEORGE, POWELL CO.; CAPT. ROBERT GEACH, MSP; CO. SCOTT CLARK, MSP; CO. JOSHUA MOORE, MSP; CO. BRUCE MILLER, MSP; UNDERSHERIFF MIKE GRAY, DEERLODGE; and CARL BECKWTIH; | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation in this matter on November 7, 2006. Walck timely objected and is therefore entitled to de novo review of the record. 28 U.S.C. § 636(b)(1) (2000).

Walck filed this action on November 1, 2004, alleging violations of his civil rights under 42 U.S.C. § 1983. He is a

-1-

state prisoner proceeding pro se. The Parties are familiar with the procedural history and the facts so I will recount them only as necessary.

Walck has twice moved to amend his complaint. He filed his first motion on April 27, 2006 and the Court adopted the Findings and Recommendation denying the motion on August 21, 2006 because Walck's motion failed to comply with the Federal Rules of Civil Procedure. This motion is also without merit.

The Court concurs with Judge Ostby's recommendation to deny the motion to amend in its entirety. The Court recognizes that Rule 15(a) of the Federal Rules of Civil Procedure provides that Courts should "freely" grant leave to amend, but that policy is tempered based upon the propriety of the motion. *See Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir.).

Walck's proposed 42 U.S.C. §§ 1985 and 1986 claims, involving a "chain conspiracy," cast allegations which cannot withstand legal scrutiny. Walck's § 1985 propositions cannot be made to fit within the legal bounds of the statute and consequently, his § 1986 allegation fails because it is dependent upon an actionable conspiracy under § 1985. *Kush v. Rutledge*, 460 U.S. 719, 724 (1984). *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Cerrato v. San Francisco Community Coll. Dist.*, 26 F.3d 968, 971 n.7 (9th Cir. 1994).

Nor does Walck's § 1983 claim support amendment. Giving

Walck a wide berth of leeway, it may be an actionable claim[1]; however, it does not provide any favor either and it does not link violations from 2001 to violations in 2003 or 2005.

Walck's new civil rights claims against Defendants Mahoney and Wood fail because Walck has extinguished his in forma pauperis opportunities under 28 U.S.C. § 1915(g) absent a condition of "imminent danger of serious physical injury." Because Walck has used his three strikes the Court will not allow him to pursue entirely new claims in contradiction of congressional intent.

Walck's remaining proposed amendments are related to his 2001 arrest and they are therefore unreasonably late. The facts and theories of these allegations are not new and the Court finds there has been undue delay in proposing these amendments. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388-89 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). It has been five years since Walck's arrest and two years since he filed his original complaint. Walck's amendments are untimely.

Consequently, Walck's motion to amend lacks propriety. His proposed amendments are either legally invalid, untimely, or they fail to support amendment. Contrary to Walck's objections, the Court finds that Judge Ostby is not predisposed to "evading her official duties" and there are "substantial" legal reasons to

---

[1] The Court finds it unlikely the Defendants are not already under the color of state law, in which case the § 1983 conspiracy claim is invalid. *See Adickes v. Kress & Co.*, 398 U.S. 144, 150-52 (1970).

deny his motion to amend.

Accordingly based on the foregoing, IT IS HEREBY ORDERED that Judge Ostby's Findings and Recommendation (dkt #67) are adopted in full: Walck's motion to amend his pleadings (dkt #60) is DENIED in its entirety.

DATED this 4 day of December, 2006.

Donald W. Molloy, Chief Judge
United States District Court