```
                                            FILED
                                         MISSOULA, MT

                                        2007 NOV 16 PM 5 05

                                         PATRICK E. DUFFY
                                       BY _____
                                          DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MITCHELL L. WALCK, ) | CV 04-55-H-DWM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| GRANITE DEPUTY SCOTT DUNKERSON, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

United States Magistrate Judge Keith Strong entered Findings and Recommendation in this matter on October 26, 2007. Judge Strong recommended granting Defendants' motions for summary judgment on all of Plaintiff's 42 U.S.C. § 1983 claims. Plaintiff filed objections on November 7, 2007. Plaintiff does not object to any specific portion of the Findings and Recommendation. Rather, Plaintiff notes he is indigent and has limited access to legal resources, and thus, courts are required to construe his pleadings liberally. Because Plaintiff has not objected to any specific portion of the Findings and Recommendation, the Court will review Judge Strong's

-1-

determinations for clear error. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). Because the parties are familiar with the factual background, it will not be restated here.

Plaintiff alleges Defendants exceeded their authority, trespassed on private property, and used excessive force in arresting him and twice used excessive force or were deliberately indifferent to his serious medical needs with respect to their manner of handcuffing him for transport to detention facilities. Judge Strong determined the MSP Defendants had authority to assist in Plaintiff's arrest because Montana law authorizes a police officer to command the aid of any person eighteen years of age or older to make an arrest. Mont. Code Ann. § 46-6-402. Judge Strong further determined Defendants' warrantless entry into the house was justified by exceptional circumstances, namely, the presence of an armed trespasser in the house. Judge Strong also determined Defendants did not use excessive force in effecting Plaintiff's arrest. Judge Strong observed Plaintiff was armed and belligerent and Defendants subdued Plaintiff with non-lethal force that caused no injury. Finally, Judge Strong determined Defendants were entitled to summary judgment on

Plaintiff's claims regarding the manner of handcuffing because Defendants' actions were reasonable under the circumstances and did not constitute excessive force or deliberate indifference.

Judge Strong construed Plaintiff's complaint liberally and nevertheless concluded Plaintiff was not entitled to relief on any of his claims. I find no clear error in Judge Strong's analysis or conclusions.

Accordingly, IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation is adopted in full. The County Defendants' motion for summary judgment (dkt #82) is GRANTED. The MSP Defendants' motion for summary judgment (dkt #86) is GRANTED.

The Clerk of Court is directed to enter final judgment in favor of Defendants and close the case.

Dated this 16th day of November, 2007.

Donald W. Molloy, Chief Judge
United States District Court